In the Matter of the Application of the WESTCHESTER ELECTRIC RAILROAD COMPANY, Respondent, for an Order of Mandamus against the CITY OF MOUNT VERNON et al., Appellants.

**Railroads — municipal corporations — franchise to operate railroad in streets includes consent to location of sidings and connections in such streets — when may extend outside of streets designated — barn may not be so located as to require laying of tracks upon contiguous streets if practical to obtain site along route — when practicability a question of fact to be tried.**

1. A franchise to operate a railroad in the streets of a city is a franchise to operate it with sidings and connections reasonably necessary to the enjoyment of the grant. The municipal authorities

consent by implication to the incident in consenting to the principal, but sidings and connections must not extend outside of the streets and avenues designated as the route, unless a reasonable necessity exists for the departure. Only then will consent to the departure be an implication reasonably derived from approval of the franchise. A barn may not be so located that tracks will have to be laid upon contiguous streets if it is reasonably practicable to acquire a site along the route.

2. Where, therefore, a municipality has, for a valuable considera- tion, given its consent to the operation of a railroad on certain streets and the railroad has acquired a site upon one of said streets for a car barn, but owing to a difference of grade the site cannot be utilized unless a connecting spur is laid in a street, not included in the franchise, and the municipality is itself the owner of the land bounded on that portion of the street to be so occupied and the sole lot owner affected, the consent may fairly be interpreted as covering the con- struction of the spur, if the use of the site is justified by reasonable necessity. Where, however, there is an issue as to whether other sites are available, the question of fact must be tried.

*Matter of Westchester El. R. R. Co.* v. *City of Mount Vernon*, 206 App. Div. 708, modified.

(Argued November 19, 1923; decided December 27, 1923.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered May 4, 1923, which affirmed an order of Special Term granting a motion for a peremptory order of mandamus to compel the issuance to the petitioner of a permit to lay railroad tracks.

*Clinton T. Taylor, Corporation Counsel (John J. Burke* of counsel), for appellants. Streets and highways are the property of the people of the state and the subject of local regulation within the limits of constitutional and statutory provisions. To permit their use by a railroad a franchise is necessary. No franchise has been granted permitting the use of Garden avenue; and no attempt has been made by the railroad company to comply with the following provisions of law: Const. of N. Y. art.

3, § 18; Pub. Serv. Comm. Law, § 53; Railroad Law, §§ 9, 170, 171. (*Manhattan Bridge Three Cent Line* v. *Third Avenue Railway Co.,* 154 App. Div. 704; *Brooklyn Heights Railroad Co.* v. *Steers,* 213 N. Y. 76; *Union Railway Co. of New York City* v. *City of New York,* N. Y. L. J. Jan. 11, 1922; *People ex rel. S. S. Traction Co.* v. *Wilcox,* 133 App. Div. 556; *City of New York* v. *B. C. R. R. Co.,* 232 N. Y. 463.) If no franchise is necessary, the necessity for a permit should be proved. There is no such proof. (*People ex rel. Harris* v. *Commissioners,* 149 N. Y. 26.) As the allegations of necessity of the respondent are denied we urge that there thus being both questions of law and of fact, a peremptory order should not have been issued. (*People ex rel. Hasbrouck* v. *Supervisors,* 135 N. Y. 522; *People ex rel. Schwager* v. *Maclem,* 25 Abb. [N. C.] 471; *Matter of Haebler* v. *N. Y. Produce Exchange,* 149 N. Y. 418; *People ex rel. Hartford Life Insurance Co.* v. *Fairman,* 91 N. Y. 386; *People ex rel. Daniels* v. *Crawford,* 68 Hun, 548; *People ex rel. Crouse* v. *Supervisors,* 70 Hun, 562; Civ. Pr. Act, § 1319, Code Civ. Pro. § 2070.) The city of Mount Vernon is the owner of the bed of Garden avenue and the use of Garden avenue by respondent would be an additional servitude upon the street which the property owned by the city of Mount Vernon abuts. Such use may not be made without compensation to the city. The easements of the city in Garden avenue have not been acquired by respondent. (*Matter of R. T. R. R. Comrs.,* 197 N. Y. 81; Const. of N. Y. art. 3, § 18; *M. B. T. C. Line* v. *B. H. R. R. Co.,* 159 App. Div. 567; 222 N. Y. 718; *Fobes* v. *R., W. & O. R. R. Co.,* 121 N. Y. 505; *Bradley* v. *Degnon Cont. Co.,* 224 N. Y. 60.)

*Alfred T. Davison* and *Addison B. Scoville* for respondent. The Westchester Electric Railroad Company has the right, under and incident to its franchise on East Sixth street, to construct, maintain and operate tracks

through the stub end of Garden avenue connecting the company's tracks on East Sixth street with its new car barn property. (*Romer* v. *St. Paul City Ry. Co.*, 77 N. W. Rep. 825; *Wooley* v. *G. S. & N. R. R. Co.*, 83 N. Y. 121; *B. H. R. R. Co.* v. *City of Brooklyn*, 152 N. Y. 244; *B. H. R. R. Co.* v. *Steers*, 213 N. Y. 76; *City of New York* v. *B. C. R. R. Co.*, 232 N. Y. 463.) The fact that the city claims to own the fee of the bed of the stub end of Garden avenue does not deprive the company of its right under its franchise to construct its connecting tracks through such stub end street to its new car barn property. (*Fobes* v. *Rome, Watertown & Ogdensburg R. R. Co.*, 121 N. Y. 505; *Bradley* v. *Degnon Contracting Co.*, 224 N. Y. 60; *Smith* v. *Roberts*, 91 N. Y. 470; *Asche* v. *Asche*, 113 N. Y. 232; *Graham* v. *Stern*, 168 N. Y. 517; *Kellinger* v. *F. S. St. & Grand St. Ferry R. R. Co.*, 50 N. Y. 206.) The fact that the company has not secured a certificate of convenience and necessity and a consent of the local authorities and of property owners which specifically mention the stub end of Garden avenue, does not deprive the company of its right under its franchise to construct its connecting tracks through such stub end street to its new car barn property. (*B. H. R. R. Co.* v. *City of Brooklyn*, 152 N. Y. 244; *City of New York* v. *B. C. R. R. Co.*, 232 N. Y. 463.)

CARDOZO, J. In 1909 consent was given to the Westchester Electric Railroad Company by the local authorities of the city of Mount Vernon to construct and maintain a street railroad on designated streets and avenues within the limits of the city. The consent was upon conditions, including, with others, the payment by the company of a percentage of its receipts. In 1922 the car barn, then in use for many years, was found to be inadequate, and a tract of land on the southerly side of East Sixth street was acquired as the site for a new barn. East Sixth street is one of the streets included by the terms of the consent in the description of the route.

A difference of grade makes it impossible, however, to connect the barn with the tracks by sidings or spurs so laid as to enter the front of the abutting land. The site, if it is to be utilized for a barn, must be connected by a spur or siding running through Garden avenue for a space of fifty feet. Garden avenue is laid out at right angles to East Sixth street, and is not one of the streets or avenues included in the franchise. The railroad company applied to the common council of the city for a permit to lay tracks for the necessary distance. A peremptory mandamus order followed the refusal.

A franchise to operate a railroad in the streets of a city is a franchise to operate it with sidings and connections reasonably necessary to the enjoyment of the grant (*Brooklyn Heights R. R. Co.* v. *City of Brooklyn*, 152 N. Y. 244; *City of New York* v. *Brooklyn City R. R. Co.*, 232 N. Y. 463, 470). The municipal authorities consent by implication to the incident in consenting to the principal. Even so, sidings and connections must not extend outside of the streets and avenues designated as the route, unless a reasonable necessity exists for the departure. Only then will consent to the departure be an implication reasonably derived from approval of the franchise. A barn may not be so located that tracks will have to be laid upon contiguous streets if it is reasonably practicable to acquire a site along the route. We do not say that the use of contiguous streets will be permitted even for necessary connections if the operation of the railroad is without the consent of the lot holders affected (Constitution, art. III, § 18; Railroad Law, § 171; Consol. Laws, ch. 49). Such consent was obtained in *Brooklyn Heights R. R. Co.* v. *City of Brooklyn* (*supra*, pp. 246, 265). It so happens, however, in this case that the sole lot owner affected is the city of Mount Vernon, which is itself the owner of the land bounded on that portion of the highway to be occupied by the proposed connection. The city has already consented to

the operation of the road, and this for a valuable consideration. The land affected by the change is part of a single parcel, the corner of a block, fronting partly on the route and partly on the intersecting avenue. We are not dealing with a situation in which consents applicable to one parcel are attached or extended to another remote or disconnected. Problems that might then be offered must be solved when they arise. If the use of this site is justified by reasonable necessity, the consent may fairly be interpreted as covering the construction of the spur.

We think there is a question of fact whether this necessity is present. The railroad company asserts that no site adapted to its needs can be obtained along the route. The city denies this, and points to sites available. There is an issue to be tried.

The order of the Appellate Division and that of the Special Term should be modified by granting an alternative in lieu of a peremptory mandamus, and as modified affirmed, without costs to either party.

H ISCOCK, Ch. J., P OUND, M C L AUGHLIN and C RANE, JJ., concur; H OGAN and A NDREWS, JJ., dissent and vote for reversal.

Ordered accordingly.